UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALBERT WILLIAMS,

        Plaintiff,

    v.                                      21-CV-1180-LJV-JJM
                                                DECISION & ORDER

KIRK KOENIG, Lieutenant, et al.,

        Defendants.

---

On November 1, 2021, the pro se plaintiff, Albert Williams, commenced this action under 42 U.S.C. § 1983. Docket Item 1. The Court referred this matter to United States Magistrate Judge Jeremiah J. McCarthy, first for all proceedings under 28 U.S.C. § 636(b)(1)(A), Docket Item 49, and then for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 71.

On June 12, 2025, the defendants—Kirk Koenig, Andrew Morris, Dr. Paula Bozer, and Alicia Schunk[1]—moved for summary judgment, Docket Item 67; on October 15, 2025, Williams's response was docketed, Docket Items 76, 77, and 78; and on October 14, 2025, the defendants replied.[2] On March 16, 2026, Judge McCarthy issued

---

[1] In the amended complaint, Williams specifies that his claims are brought against Alicia Schunk, Physician Assistant. Docket Item 12 at 4. The Clerk of the Court shall update the docket to reflect Schunk's full name.

[2] Williams's opposition papers were not docketed until October 15, 2025, *see* Docket Items 76, 77, and 78, but the defendants received those papers on October 7, 2025, *see* Docket Item 75 at 2, and accordingly filed their reply within one week of that latter date to comply with Judge McCarthy's scheduling order, *see id.*; *see also* Docket Item 74 (directing defendants to reply "one week after . . . receiv[ing] plaintiff's response").

a Report, Recommendation, and Order ("RR&O") recommending that the defendants'

motion be granted in part and denied in part.  Docket Item 80.[3]  More specifically, Judge

McCarthy recommended that the defendants' motion should be granted as to Williams's

inadequate medical care claim against Schunk, *id.* at 20,[4] and his legal mail interference

claim against Morris, *id.* at 31, but denied as to his First Amendment retaliation claim

against Koenig, *id.* at 12, and his inadequate medical care claim against Bozer, *id.* at

26.  The parties did not object to the RR&O, and the time to do so now has expired.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review de novo those portions of a magistrate judge's recommendation to which a party

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636

nor Federal Rule of Civil Procedure 72 requires a district court to review the

recommendation of a magistrate judge to which no objections are raised.  *See Thomas

v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has

reviewed Judge McCarthy's RR&O as well as the parties' submissions to him.  Based

on that review and the absence of any objections, the Court accepts and adopts

Judge McCarthy's recommendation to grant in part and deny in part the defendants'

motion for summary judgment.

---

[3] The RR&O also denied Williams's motion to compel discovery and for
sanctions, Docket Item 63.

[4] Page numbers in docket citations refer to ECF pagination.

For the reasons stated above, and in the RR&O, the defendants' motion for summary judgment, Docket Item 67, is GRANTED IN PART and DENIED IN PART. The Clerk of the Court shall remove Schunk and Morris as parties to this action. The Court will contact the parties to schedule a status conference to set a trial date.

SO ORDERED.

Dated:       July 16, 2026
             Buffalo, New York

/s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE